IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00367-BNB

RYAN ALEXANDER PETTIGREW,

    Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES ZAVARES [sic],
WARDEN SUSAN JONES,
WARDEN LARRY REED,
INTELLIGENCE OFFICER SGT. DENT,
INTELLIGENCE OFFICER SGT. SANDRA CROSS,
CORRECTIONAL OFFICER LT. DANIEL STRAWN,
FOOD SERVICE AND LAUNDRY PROGRAMS MANAGER DONA ZAVISLAN,
GRIEVANCE OFFICER ANTHONY A. DeCESARO,
PROGRAMS MAJOR MACAIN HILDEBRAND,
PROGRAMS SUPERVISOR MARY McCORMICK,
REGIONAL COORDINATOR FAITH AND CITIZENS PROGRAMS DARRYL PROFFIT,
CASE MANAGER JOHN DOE,
CASE MANAGER CHAVEZ,
CASE MANAGER KYLE BUFFUM,
PAROLE BOARD MEMBER DEBORAH C. ALLEN,
PAROLE BOARD VICE CHAIR BECKY R. LUCERO,
PAROLE BOARD MEMBER CELESTE M. C. deBACA,
PAROLE BOARD MEMBER MICKEY HECKENBACH,
PAROLE BOARD MEMBER LESLEE V. WAGGENER,
PAROLE BARD CHAIRMAN DAVID L. MICHAUD, and
HEARINGS OFFICER DALE BURKE,
    In their Individual and Official Capacities,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 6 2011

GREGORY C. LANGHAM
    CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ryan Alexander Pettigrew, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). He is incarcerated at the Centennial Correctional Facility (CCF) in Cañon City, Colorado. Mr. Pettigrew initiated this action by filing a

Prisoner Complaint on February 11, 2011, asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He also asserts claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 (2000). Mr. Pettigrew has been granted leave to proceed *in forma pauperis*.

The Court will construe the Complaint liberally because Mr. Pettigrew is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellman**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Pettigrew therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Pettigrew asserts seven claims for relief. First, he claims that his substantive due process rights were violated when his applications for parole and community corrections placement were denied based on false information in his prison file about his state criminal charges. Second, he claims that he was denied access to adequate mental health care by Defendants Dent, Cross, Jones, and Reed, who refused to assign him to a mental health program because of his gang status and instead placed him in ad-seg on 23-hour-a-day lockdown for a period of approximately five years, which exacerbated his bipolar disorder. In claims three and four, Plaintiff asserts that his First Amendment Free Exercise rights were infringed and his rights under RLUIPA were violated when Defendants Strawn, Zavislan, DeCesaro, Hildebrand, McCormick, and Proffit refused to accommodate his sincere religious needs to celebrate Passover and the Pentecost in his cell and to maintain a religious diet during those holidays. Mr.

Pettigrew asserts in claim five that Defendants' conduct in denying Christian Identity inmates a religious diet, while providing a religious diet to Jewish inmates for Passover and allowing Catholic inmates to take individual Communion during Lent, violates the Fourteenth Amendment Equal Protection Clause. In claim six, Plaintiff challenges CCF's two-book per cell limit for inmates classified below a level five as violative of RLUIPA. For his seventh claim, Mr. Pettigrew asserts that his Fourteenth Amendment right not to be deprived of property without due process of law was violated when Defendant Burke, a disciplinary hearing officer, ordered him to pay restitution in the amount of $3.60 for a spit mask used while transferring him to intake following a DHO hearing. Plaintiff asserts that the DOC has no statutory authority to remove funds from his prison trust fund account pursuant to an internal restitution order. Mr. Pettigrew seeks injunctive and monetary relief from the Defendants.

The Complaint is deficient because Mr. Pettigrew fails to allege specific facts to establish that Defendants Zavaras, Strawn, DeCesaro, Proffit, and Zavislan personally participated in the alleged deprivations of his constitutional and federal statutory rights. Mr. Pettigrew is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Pettigrew must therefore show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). In order to state a claim in federal court, Mr. Pettigrew "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158,

1163 (10th Cir. 2007).

Moreover, Mr. Pettigrew cannot hold a supervisor liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional or statutory violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional or statutory violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

"[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x. 179, 193 (10th Cir. 2009) (unpublished).

Mr. Pettigrew's substantive due process claim is also deficient. He asserts that the parole board considered false information in his prison file in reviewing his application for parole and that the DOC has refused to provide a process for correcting the error, in violation of his substantive due process rights. The Due Process Clause applies to parole proceedings only when the state parole statute creates a legitimate

expectation of release. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979) (To possess an interest protectable under the Due Process Clause, a person must "'have a legitimate claim of entitlement to it'") (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)). Colorado's parole statute provides that the parole board "*may* parole any person . . . when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law . . ." COLO. REV. STAT. § 17-2-201(4)(a) (2006) (emphasis added). This discretionary language does not give rise to a liberty interest protected by the Due Process Clause. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 379 n.10 (1987) ("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."). As such, Mr. Pettigrew cannot invoke § 1983 as a basis for challenging the validity of the information considered by the parole board or the adequacy of the process for correcting the information. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (although inmate complained that information relied on by parole board was "admittedly false," court held that inmate who has "no liberty interest in obtaining parole. . . , [ ] cannot complain of the constitutionality of procedural devices attendant to parole decisions").

Mr. Pettigrew's substantive due process claim that he was denied community corrections placement based on false information in his prison file about his criminal charges falters on the same ground. The Constitution does not afford Plaintiff a liberty interest in serving his sentence at any particular location. *See Meachum v. Fano*, 427

U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); ***Overturf v. Massie***, 385 F.3d 1276, 1279 (10th Cir. 2004) (holding "inmates have no protected liberty interest in the location of their confinement"); *cf. **Boutwell v. Keating***, 399 F.3d 1203, 1212 (10th Cir. 2005) (state inmate did not have protected liberty interest in state's pre-parole conditional supervision program). Moreover, Mr. Pettigrew does not identify any state law giving him a legitimate claim of entitlement to placement in community corrections.

Plaintiff therefore should not include a substantive due process claim concerning his parole proceedings or community corrections placement in the amended complaint he will be directed to file. Accordingly, it is

ORDERED that Plaintiff, Ryan Alexander Pettigrew, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Pettigrew, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Pettigrew fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss Plaintiff's claims against Defendants Zavaras, Strawn, Zavislan, DeCesaro, Proffit, Chavez, Buffum, Allen, Lucero, deBaca, Heckenbach, Waggener, and Michaud for the reasons discussed in this Order.

DATED April 6, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-00367-BNB

Ryan Alexander Pettigrew
Prisoner No. 105646
Centennial Corr. Facility
PO Box 600
Cañon City, CO 81215- 0600

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 6, 2011.

                             GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk