**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MAY 1 8 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00367-BNB

RYAN ALEXANDER PETTIGREW,

      Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES ZAVARES [sic],
WARDEN SUSAN JONES,
WARDEN LARRY REED,
INTELLIGENCE OFFICER SGT. DENT,
INTELLIGENCE OFFICER SGT. SANDRA CROSS,
CORRECTIONAL OFFICER LT. DANIEL STRAWN,
FOOD SERVICE AND LAUNDRY PROGRAMS MANAGER DONA ZAVISLAN,
GRIEVANCE OFFICER ANTHONY A. DeCESARO,
PROGRAMS MAJOR MACAIN HILDEBRAND,
PROGRAMS SUPERVISOR MARY McCORMICK,
REGIONAL COORDINATOR FAITH AND CITIZENS PROGRAMS DARRYL PROFFIT,
CASE MANAGER JOHN DOE,
CASE MANAGER CHAVEZ,
CASE MANAGER KYLE BUFFUM,
PAROLE BOARD MEMBER DEBORAH C. ALLEN,
PAROLE BOARD VICE CHAIR BECKY R. LUCERO,
PAROLE BOARD MEMBER CELESTE M. C. de BACA,
PAROLE BOARD MEMBER MICKEY HECKENBACH,
PAROLE BOARD MEMBER LESLEE V. WAGGENER,
PAROLE BARD CHAIRMAN DAVID L. MICHAUD, and
HEARINGS OFFICER DALE BURKE,
      In their Individual and Official Capacities,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff, Ryan Alexander Pettigrew, is a prisoner in the custody of the Colorado

Department of Corrections ("DOC"). He is incarcerated at the Centennial Correctional

Facility (CCF) in Cañon City, Colorado. Mr. Pettigrew initiated this action by filing a

Prisoner Complaint on February 11, 2011 asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He also asserts claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 (2000). Mr. Pettigrew has been granted leave to proceed *in forma pauperis*.

On April 6, 2011, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to allege the personal participation of all named Defendants and asserted a substantive due process claim that was legally without merit. Accordingly, Magistrate Judge Boland directed Plaintiff to file an amended prisoner complaint within thirty days. The April 6 Order warned Mr. Pettigrew that if he failed to file an amended complaint, certain Defendants would be dismissed without further notice. Mr. Pettigrew did not file an amended complaint within the time allowed. Instead, he filed an Objection to Magistrate Judge Boland's April 6 Order (Doc. No. 9). Mr. Pettigrew's specific objections are discussed below.

The Court has construed the Complaint liberally because Mr. Pettigrew is not represented by an attorney. *See Haines v. Keener*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Pettigrew is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally

frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Nusku v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Pettigrew asserts seven claims for relief in his Complaint.  First, he claims that his substantive due process rights were violated when his applications for parole and community corrections placement were denied based on false information in his prison file about his state criminal charges.  Second, he claims that he was denied access to adequate mental health care by Defendants Dent, Cross, Jones and Reed, who refused to assign him to a mental health program because of his gang status and instead placed him in administration segregation (ad-seg), on 23-hour-a-day lock-down, for a period of approximately five years, which exacerbated his bipolar disorder.  He further claims that his long-term confinement in ad-seg may have resulted in a vitamin D deficiency.  In claims three and four, Plaintiff asserts that his First Amendment Free Exercise rights were infringed and his rights under the RLUIPA were violated when Defendants Strawn, Zavislan, DeCesaro, Hildebrand, McCormick, and Proffit refused to accommodate his sincere religious needs to celebrate Passover and the Pentecost in his cell and to maintain a religious diet during those holidays.  Mr. Pettigrew asserts in claim five that Defendants' conduct in denying Christian Identity inmates a religious diet, while providing a religious diet to Jewish inmates for Passover and allowing Catholic inmates to take individual Communion during Lent, violates the Fourteenth Amendment Equal Protection Clause.  In claim six, Plaintiff challenges CCF's two-book per cell limit for inmates classified below a level five as violative of the RLUIPA.  For his seventh

claim, Mr. Pettigrew asserts that his Fourteenth Amendment right not to be deprived of property without due process of law was violated when Defendant Burke, a disciplinary hearing officer, ordered him to pay restitution in the amount of $3.60 for a spit mask used while transferring Plaintiff to intake following a DHO hearing.  Mr. Pettigrew asserts that the DOC has no statutory authority to remove monies from his prison trust fund account pursuant to an internal restitution order.  Plaintiff seeks injunctive and monetary relief from the Defendants.

Magistrate Judge Boland warned Mr. Pettigrew in the April 6 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Mr. Pettigrew must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Mr. Pettigrew was advised that a supervisor, such as Defendant Zavaras, cannot be held liable under § 1983 merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Instead, a supervisor is only liable for a constitutional or statutory violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional or statutory violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their

4

subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Pettigrew alleges in his Objection to the April 6 Order that Defendant Zavaras enacted the administrative regulations that Plaintiff is challenging in claims two, six and seven as unconstitutional or as violative of the RLUIPA.  Construing Plaintiff's filings liberally and together, the Court finds that he has alleged enough to show the personal participation of Defendant Zavaras in an alleged constitutional violation, which is actionable under 42 U.S.C. § 1983.

With regard to Defendant Proffit, the Court, upon reconsideration, finds that Plaintiff has alleged sufficient facts in his Complaint to show the personal participation of Defendant Proffit in an alleged deprivation of Mr. Pettigrew's First Amendment rights. Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs. *See Makin v. Colo. Dep't. of Corr.*, 183 F.3d 1205, 1209 (10th Cir. 1999).  Plaintiff alleges that Defendant Proffit is the Regional Coordinator of Faith and Citizens Programs. Mr. Pettigrew states that he submitted his complaint about not being able to celebrate Passover and the Pentecost to Defendant Proffit, who responded that he would try to find an outside faith group advisor to address Plaintiff's concerns, but until then, the prison would maintain current practices. Because Proffit has the authority to respond to the specific constitutional concern raised by Plaintiff, but did not take any action, the Court finds that Plaintiff has arguably alleged Defendant's personal participation in the alleged constitutional

5

deprivation. Defendant Proffit therefore will not be dismissed at this time.           By

contrast, Mr. Pettigrew's allegations against Defendant DeCesaro fail to allege the

Defendant's personal participation. Defendant DeCesaro is a Step III grievance officer.

His only involvement in the alleged constitutional deprivations was to deny Plaintiff's

Step III grievances. That is not sufficient to hold Defendant DeCesaro liable under 42

U.S.C. § 1983. "[A] denial of a grievance, by itself without any connection to the

violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.

2009); *see also Whitington v. Ortiz*, 307 Fed. App'x. 179, 193 (10th Cir. 2009)

(unpublished)(dismissing § 1983 claim against defendant who denied grievance where

"[t]here is no allegation that [defendant] had any authority with respect to official CDOC

policy or that he personally participated in any of the deprivations that led [plaintiff] to file

the grievance in the first place"). Plaintiff alleges in his Objection to the April 6 Order

that Defendant DeCesaro had the authority to grant his grievance, but refused to do so.

However, Plaintiff does not allege any specific facts to show that Defendant DeCesaro

has the authority to make policy concerning religious matters at the prison, as opposed

to executing policy made by others. Defendant DeCesaro is therefore an improper

party to this action and will be dismissed.

　　　Mr. Pettigrew's claims against Defendants Strawn and Zavislan must also be

dismissed. Plaintiff alleges only that these Defendants told him to submit different forms

concerning his request for a religious diet. These facts do not show that Defendants

Strawn or Zavislan actually denied him a religious diet or otherwise personally

participated in the deprivation of Plaintiff's First Amendment free exercise rights. Plaintiff also makes an allegation, in conjunction with his second claim, that Defendant Zavislan did not add enough vitamin D to the diets of ad-seg inmates to offset the fact that they are inside 23 hours per day.  However, Plaintiff's allegations do not state a legally cognizable Eighth Amendment claim against Defendant Zavislan as   Plaintiff does not allege that he actually suffers from, or has been diagnosed with, a vitamin D deficiency.  *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (to assert a cognizable claim under the Eighth Amendment a plaintiff must demonstrate both that the injury he suffered was sufficiently serious and that the defendant acted with deliberate indifference); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (challenged deprivation must deny "the minimal civilized measure of life's necessities."); *accord Florer v. Bales-Johnson*, 752 F. Supp. 2d 1185, 1203-04 (W. D. Wash. 2010) (dismissing prisoner's Eighth Amendment claim based on alleged denial of adequate vitamin D in prison diet where there was no evidence that prisoner suffered an actual vitamin D deficiency or any injury resulting therefrom).  Accordingly, Defendants Strawn and Zavislan are improper parties to this action and will be dismissed.

Mr. Pettigrew's substantive due process claim is also deficient.  He asserts that the parole board considered false information in his prison file in reviewing his application for parole and that the DOC has refused to provide a process for correcting the error, in violation of his substantive due process rights.  The Due Process Clause applies to parole proceedings only when the state parole statute creates a legitimate expectation of release.  *See Greenholtz v. Inmates of the Nebraska Penal and*

7

*Correctional Complex*, 442 U.S. 1, 7 (1979) (To possess an interest protectable under the Due Process Clause, a person must "'have a legitimate claim of entitlement to it'") (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Colorado's parole statute provides that the parole board "*may* parole any person . . . when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law . . ." COLO. REV. STAT. § 17-2-201(4)(a) (2006) (emphasis added). This discretionary language does not give rise to a liberty interest protected by the Due Process Clause. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 379 n.10 (1987) ("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."); *see also Malek v. Haun*, 26 F.3d 1013, 1015-16 (10th Cir. 1994) (holding that Utah statute granted parole board complete discretion in making parole decisions and therefore did not create a liberty interest entitled to due process protection). As such, Mr. Pettigrew cannot invoke §️ 1983 as a basis for challenging the validity of the information considered by the parole board or the adequacy of the process for correcting the information. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (although inmate complained that information relied on by parole board was "admittedly false," court held that inmate who has "no liberty interest in obtaining parole. . . , [ ] cannot complain of the constitutionality of procedural devices attendant to parole decisions").

In his Objection to the April 6 Order, Mr. Pettigrew argues that § 17-22.5-102.5, C.R.S., which states that the "purposes of this article with respect to parole are: . . . (b)

8

"[t]o assure fair and consistent treatment of all convicted offenders by. . . establishing fair procedures for the imposition of a period of parole and supervision," creates an entitlement to fair parole proceedings.  Plaintiff fails to apprehend that the liberty interest protected by the Due Process Clause is early release from prison.  Because Colorado's parole statute does not create an entitlement to early release, statutory language concerning the fairness of the proceeding itself is of no constitutional concern.     Mr. Pettigrew's substantive due process claim that he was denied community corrections placement based on false information in his prison file falters on the same ground.  The Constitution does not afford Plaintiff a liberty interest in serving his sentence at any particular location.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *Overturf v. Massie*, 385 F.3d 1276, 1279 (10th Cir. 2004) (holding "inmates have no protected liberty interest in the location of their confinement"); *cf. Boutwell v. Keating*, 399 F.3d 1203, 1212 (10th Cir. 2005) (state inmate did not have protected liberty interest in state's pre-parole conditional supervision program).  Moreover, Mr. Pettigrew does not identify any state law giving him a legitimate claim of entitlement to placement in community corrections.

Because Mr. Pettigrew does not have a liberty interest in early release or in serving his sentence at a particular location, his Fourteenth Amendment substantive due process claim is legally frivolous.  Defendants Chavez, Buffum, Allen, Lucero, de Baca, Heckenbach, Waggener,and Michaud are therefore improper parties to this action and will be dismissed.

9

On completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Pettigrew's claims against Defendants Zavaras, Jones, Reed, Dent, Cross, Hildebrand, McCormick, Proffit and Burke do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendants Strawn, Zavislan, DeCesaro, Chavez, Buffum, Allen, Lucero, de Baca, Heckenbach, Waggener and Michaud are dismissed as parties to this action for the reasons discussed above.  It is

FURTHER ORDERED that plaintiff's Fourteenth Amendment substantive due process claim is dismissed as legally frivolous. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __18th__ day of ___May_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-00367-BNB

Ryan Alexander Pettigrew
Prisoner No. 105646
Centennial Corr. Facility
PO Box 600
Cañon City, CO 81215- 0600

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on May 18, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk