IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00367-WYD-KLM

RYAN ALEXANDER PETTIGREW,

    Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES ZAVARES [sic],
WARDEN SUSAN JONES,
WARDEN LARRY REED,
INTELLIGENCE OFFICER SGT. DENT,
INTELLIGENCE OFFICER SGT. SANDRA CROSS,
PROGRAMS MAJOR MACAIN HILDEBRAND,
PROGRAMS SUPERVISOR MARY MCCORMICK,
REGIONAL COORDINATOR FAITH AND CITIZENS PROGRAMS DARRYL PROFFIT,
CASE MANAGER JOHN DOE, and
HEARINGS OFFICER DALE BURKE, in their individual and official capacities,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to File an Amended Complaint** [Docket No. 27; Filed June 8, 2011] (the "Motion").  Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff may amend his Complaint once as a matter of course within twenty-one days of service or within twenty-one days of receiving a response.  Here, Plaintiff's Complaint was served on Defendants on May 31, 2011 [Docket No. 22] and June 6, 2011 [Docket No. 26] and no responses have yet been filed.  Therefore, Plaintiff may amend his Complaint without seeking leave of Court.  Nevertheless, permission having been sought,

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part**.  Plaintiff may amend his Complaint.  However, because Plaintiff has only attached the amendments that he proposes to make to the Complaint, rather than a proposed Amended Complaint, his present attempt to amend his Complaint is ineffectual and will not be accepted.  Piecemeal attempts to supplement a prior Complaint lead to uncertainty on the docket and unnecessarily confuse the Court, the Clerk's Office and Defendants.  Accordingly.

    IT IS FURTHER **ORDERED** that on or before **June 22, 2011**, Plaintiff may file a pleading titled **"Amended Complaint"** which contains <u>**every**</u> Defendant in the case caption

and claim that he wishes to pursue in this matter.  To this end, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her, and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

If a party or a claim which is contained in a prior pleading is not also contained in the Amended Complaint, that party or claim will no longer be at issue.  Furthermore, it is ineffectual to state that Plaintiff incorporates any prior pleadings by reference in the Amended Complaint.  The filing of an Amended Complaint supercedes any prior pleading and neither the parties nor the Court will consider a superceded pleading in terms of resolving Plaintiff's issues.

IT IS FURTHER **ORDERED** that the Amended Complaint shall be filed on the Court's prisoner complaint form.

IT IS FURTHER **ORDERED** that the Clerk is directed to mail two (2) copies of the prisoner complaint form to Plaintiff.

Dated:  June 8, 2011