IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00367-WYD-KLM

RYAN ALEXANDER PETTIGREW,

    Plaintiff,

v.

EXECUTIVE DIRECTOR ARISTEDES ZAVARES [sic],
WARDEN SUSAN JONES,
WARDEN LARRY REED,
INTELLIGENCE OFFICER SGT. DENT,
INTELLIGENCE OFFICER SGT. SANDRA CROSS,
PROGRAMS MAJOR MACAIN HILDEBRAND,
PROGRAMS SUPERVISOR MARY McCORMICK,
REGIONAL COORDINATOR FAITH AND CITIZENS PROGRAMS DARRYL PROFFIT,
HEARINGS OFFICER DALE BURKE,
CORRECTIONAL OFFICER COMFORT, and
SHIFT COMMANDER LT. ROYBAL,
    In their Individual and Official Capacities,

    Defendants.

---

## **AMENDED[1] ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

---

I.      INTRODUCTION AND BACKGROUND

    This matter is before the Court on the motion to dismiss Plaintiff's pro se civil rights complaint, which was filed on August 1, 2011 [ECF No. 40].  The matter was referred to Magistrate Judge Kristen L. Mix for a recommendation by memorandum dated September 8, 2011.  Magistrate Judge Mix issued a Recommendation on January 23, 2012 [ECF No. 53], which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Mix

---

[1]This Order was amended to correct an error in the caption.

recommends therein that the motion to dismiss be granted and Plaintiff's Amended Complaint be dismissed with prejudice.  *See* Recommendation at 26.

This is a 42 U.S. C. § 1983 prison inmate civil rights case.  Plaintiff, Ryan Alexander Pettigrew, is a prisoner incarcerated at the Colorado State Penitentiary in Canon City, Colorado, and he is representing himself *pro se*.  In his Amended Complaint filed June 20, 2011, he brings seven claims for relief.  A concise summary of Plaintiff's claims is set forth in the Recommendation at 2-3.  Magistrate Judge Mix recommends dismissal of all of the Plaintiff's claims based on Defendants' qualified immunity from suit, Plaintiff's failure to file claims within the applicable statute of limitations, and Plaintiff's failure to allege personal participation by several Defendants.

On February 6, 2012, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Because Plaintiff is proceeding *pro se*, "[his] pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff[s] could prevail, it should do so despite [their] failure to cite proper legal authority, [their] confusion of various legal theories . . . or [their] unfamiliarity with pleading requirements."  *Id.*  At the same time, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*

II.        ANALYSIS OF PLAINTIFF'S OBJECTIONS

        A.        <u>Statute of Limitations</u>

Turning to Plaintiff's objections, Plaintiff first objects to the Magistrate Judge's conclusion that his first, second, third, fourth, fifth and sixth claims accrued outside of the applicable statute of limitations and should be dismissed as time-barred. *See* Recommendation at 7-12.

Plaintiff filed his initial Complaint on February 11, 2011. Plaintiff's second claim for relief is based on his incarceration in administrative segregation from January 2005 through August 2009, and from December 2010 to present; his third, fourth and fifth claims are based on denial of a religious diet and communion from 2005 to 2010, and his sixth claim is based on his opposition to a rule limiting the number of books an inmate can access at a give time to two book per inmate, which was imposed from April 2005 to May 2010. Magistrate Judge Mix found that a two-year statute of limitations applied to Plaintiff's claims and that his second claim for relief accrued in 2005 as to Defendant Reid and in 2007 as to Defendant Jones, based on the dates that each Defendant commenced their employment in the position of Warden of the facility. *See* Recommendation at 9. Regarding claims three, four, five, and six, Magistrate Judge Mix found that those claims accrued on the dates that Plaintiff filed grievances regarding those claims as identified in the Amended Complaint: Mach 14, 2008, April 7, 2008, September 10, 2008, and January 20, 2009, respectively. *Id.*

Plaintiff does not object the Magistrate Judge's conclusion that a two-year statute of limitations applies to his claims. He does object, however to Magistrate Judge Mix's conclusion that his second claim for relief accrued prior to February 11, 2009.

-3-

"A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  With respect to his second claim, Plaintiff alleges that he was placed in administrative segregation in January, 2005, and that in 2008, a doctor with the facility's mental health staff recommend that he be permitted to join a mental health program.  Plaintiff alleges that he was not placed in the program, despite the doctor's recommendation, due to his gang involvement.  In his Objection, Plaintiff asserts that his claim accrued when he was moved to a different facility in August, 2009, because it was only when he was "in a different environment" that he became aware of the worsening of his mental condition. *See* Objection at 5-6.  Plaintiff did not make this argument in response to the motion to dismiss and it was not considered by Magistrate Judge Mix in crafting her Recommendation.  Moreover, even assuming Plaintiff was not aware the "worsening of his mental condition" until August, 2009, or the until after he was released from segregation, the facts that supported his cause of action were apparent when he was placed in segregation and when he was denied the opportunity to participate in a mental health program, even if he did not know the full extent of his injuries until some later point in time.  *Inuds. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

In addition, Plaintiff objects to Magistrate Judge Mix's conclusion that the continuing violation doctrine does not apply to toll his claims.  *See* Objection at 2. As Magistrate Judge Mix correctly noted in the Recommendation, "[t]he continuing violation doctrine permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and

thereby constitute a continuing pattern of discrimination." *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994). Contrary to Plaintiff's assertions, the Tenth Circuit has yet to decide whether the continuing violation doctrine applies to claims brought under § 1983. *Id.*; *see also Brock v. Herbert*, 2011 WL 3154230, at *4 n.5 (10th Cir. July 27, 2011); *Fogle v. Slack*, 419 Fed. Appx. 860, 864 (10th Cir. Aug. 8, 2011) (unpublished) (holding that defendants' decisions to keep plaintiff in administrative segregation could not be grouped together to constitute a continuing violation of his civil rights)). Moreover, as Magistrate Judge Mix noted, the doctrine will not apply where a plaintiff knew, or through the exercise of reasonable diligence would have known, that his rights were being violated at the time the earlier events occurred. *Wood v. Milyard*, 414 Fed. Appx. 103, 106 (10th Cir. 2011) (quoting *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003).

I agree with Magistrate Judge Mix that Plaintiff's second, third, fourth, fifth and sixth claims for relief must be dismissed as time-barred.

B.  Qualified Immunity

I next address Plaintiff's objection to Magistrate Judge Mix's conclusion that Defendants are entitled to qualified immunity with respect to Plaintiffs' First and Seventh claims for relief based on Plaintiff's failure to state a plausible violation of his constitutional rights.

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a

presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990).

Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir 1995)). Although a plaintiff must ultimately establish both elements to avoid application of the doctrine, the Court has discretion to consider the prongs in the test in any order. *See Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818 (2009).

The defense of qualified immunity can be asserted at different junctures in a case. When it is raised in the context of a motion to dismiss, I consider only the allegations in the Complaint.

       1.    Claim 1

With respect to Plaintiff's first claim for relief, in which he asserts that his Eighth Amendment rights were violated when he was detained for 24-hours in a strip cell. Magistrate Judge Mix found that the conditions described by Plaintiff were not sufficiently serious to implicate constitutional protections and that Plaintiff failed to allege that Defendants knew of and disregarded a substantial risk of serious harm. *See* Recommendation at 20-21. Plaintiff objects to this conclusion and maintains that during his 24-hour confinement in the strip cell he was deprived of basic necessities because he was stripped of his clothing and denied bedding, hygiene and cleaning supplies, and shackled unnecessarily. *See* Objection at 8-12.

In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met. First, the deprivation alleged must be objectively "sufficiently serious," and second, the officials must exhibit "deliberate indifference" to a substantial risk of serious harm to an inmate. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). With respect to the first prong, prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Viewing the allegations in the amended complaint in the light most favorable to Plaintiff, it does not appear that he was denied basic necessities during his time in the strip cell. However, even assuming that Plaintiff was deprived basic necessities, I find that the deprivation was not sufficiently serious to amount to a constitutional violation. As Magistrate Judge Mix noted in the Recommendation, an important factor in determining whether conditions of confinement meet constitutional standards is the length of incarceration. *See Barney v. Pulsipher*, 143 F.3d 1229, 1311-12 (10th Cir. 1998). Here, while Plaintiff has alleged that he was subjected to uncomfortable and even harsh conditions, I find that he was subjected to these conditions for a relatively short period of time. Therefore, I agree with Magistrate Judge Mix that Plaintiff has not adequately pled an Eighth Amendment violation in connection with his 24-hour confinement in the strip cell. Because I find that Plaintiff has failed to pled sufficiently serious constitutional deprivation, I need not address his contention that Defendants were deliberately indifferent to a substantial risk of serious harm.

### 2. Claim 7

Magistrate Judge Mix also concluded that Plaintiff failed to state a claim for violation of his constitutional rights in connection with his seventh claim for relief, which is based on an allegedly erroneous order that Plaintiff pay $3.60 in restitution for a spit mask used on Plaintiff when he was transferred. *See* Recommendation at 22-24. Here, Magistrate Judge Mix found that Plaintiff failed to state a claim that he was deprived of property without due process of law. *See* Recommendation at 22-24.

In his objection, Plaintiff frames his seventh claim not as a due process violation but rather an illegal seizure in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. *See* Objection at 12-13. Even construing the allegations in the Amended Complaint in the light most favorable to Plaintiff, I do not find that the alleged seizure of his property was unreasonable. First, as Magistrate Judge Mix noted in the Recommendation, a court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id.* at 22 (citing *Overton v. Bazzetta*, 439 U.S. 126, 132 (2003)). In addition, any Fourth Amendment violation is subsumed by a due process analysis in this context. Plaintiff does not challenge Magistrate Judge Mix's conclusion that he has not alleged a due process violation; therefore, the seizure was reasonable. Finally, I note that prisoners are generally not protected under the Fourth Amendment even from unreasonable searches or seizures of property. *See Rodriguez-Rodriguez v. United States*, 4 Fed. Appx. 637, 639 (10th Cir. 2001) (unpublished) (noting that the Fourth Amendment does not establish a right to privacy in prisoners'

cells)).

To the extent that Plaintiff also objects to the authority underlying Defendants imposition of the restitution order, I reject this contention. Under Colorado law, the Colorado Department of Corrections has "broad discretion of the classification and rehabilitation of inmates and the managements of prisons." *Reeves v. Colo. Dept. of Corrections*, 155 P.3d 648, 651 (Colo. App. 2007) (citing C.R.S. § 17-1-103)). Plaintiff has cited no authority establishing that the DOC's restitution policy was in derogation of its rule-making authority, or otherwise prohibited by state or federal law in these circumstances.

      C.      <u>Personal Participation</u>

Plaintiff asserts that Magistrate Judge Mix improperly recommends dismissal of various Defendants based on a lack of personal participation. A defendant cannot be held liable in a section 1983 action unless he or she caused or personally participated in the alleged constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Because she dismissed Plaintiff's second, third, fourth, fifth and sixth claims as untimely, Magistrate Judge Mix analyzed personal participation only with respect to the Defendants alleged to have violated Plaintiff's rights in connection with his first and seventh claims for relief. Magistrate Judge Mix found that Plaintiff did not allege personal participation with respect to Defendants Jones, Reed and Zavaras. *See* Recommendation at 13-15. Plaintiff objects, to this conclusion, but acknowledges that the personal participation of these Defendants is limited to their role in creating the prison rules and policies underlying his alleged constitutional violations. I agree with Magistrate Judge Mix that this is insufficient. *See* Recommendation at 14-15.

Moreover, as discussed above, Plaintiff has failed to allege a plausible constitutional violation in connection with his first and seventh claims for relief. Therefore, even if Defendants personally participated in the alleged violations, they are entitled to qualified immunity with respect to these claims.

### D. Compensatory Damages

I turn to Plaintiff's objection to Magistrate Judge Mix's conclusion that he is not entitled to recover compensatory damages in connection with his seventh claim for relief. *See* Recommendation at 16; Objection at 8. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA bars compensatory damages for mental and emotional injuries suffered by a prisoner (regardless of the nature of the right asserted) in the absence of physical injury. Plaintiff asserts that because his seventh claim for relief involves compensation for property unconstitutionally seized pursuant to DOC policy, his claim is not barred by the PLRA. However, as discussed above, Plaintiff has failed to allege a plausible constitutional violation in connection with his seventh claim for relief. Therefore, even if Plaintiff's claim is not barred by the PLRA, Defendants are entitled to qualified with respect to this claim.

### E. Official Capacity Claims

Finally, Plaintiff contends that his official capacity claims against the Defendants must stand because he "properly stated constitutional violations" in his Amended Complaint. *See* Objection at 13. For the reasons set forth herein, I find that Magistrate

-10-

Judge Mix properly dismissed Plaintiff's request for injunctive relief against Defendants in their official capacities based on his failure to establish the violation of any constitutional right, as set forth herein and in the Recommendation.  *See Dawson v. Johnson*, 266 Fed. Appx. 713, 715-17 (10th Cir. 2008) (unpublished).

III.   CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of January 23, 2012 [ECF No. 53] is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the motion to dismiss, filed August 1, 2011 [ECF No. 40] is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

Dated:  April 2, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge